From New Bern.
"The plaintiff, and those whose estate he hath, owned the lot mentioned in the declaration, distinguished in the plan of New Bern by the No. 122, extending on Grave Street one hundred and seven feet three inches, and back in depth two hundred and fourteen feet six inches. The defendant, and those whose estate he hath, owned a lot distinguished by the No. 117, (15) adjoining the plaintiff's on the back end, being of the same width, and extending to another street one hundred and fifty-six feet six inches; both lots lay open and uninclosed until the year 1776, when the defendant, and those whose estate he hath, inclosed his lot with a plank fence, and in the inclosure included sixty feet of that part of the plaintiff's lot which adjoined his; and the defendant hath kept up the said fence and had an adverse possession of the said sixty feet of the plaintiff's lot in his inclosure ever since." *Page 14 
Upon this case the jury prayed the advice of the court "Whether such possession unaccompanied by any other title or color of title be sufficient to bar an ejectment." If the opinion of the court be in favor of the plaintiff, they find the defendant guilty, and assess sixpence damages and sixpence costs; if in favor of the defendant, they find him not guilty.
The question is, whether an adverse possession for seven years without color of title bars the right of entry. The law in this case I had considered as settled, until lately, when it has been alleged that a naked adverse possession, without color of title, does not bar the right of entry.
To investigate this subject, it will be necessary to compare our statute of limitations, passed in 1715, with the statute of limitations in England, 21 Jac. I., ch. 16, that it may appear how the decisions upon this latter statute apply in principle to the cases affected by our own statute of limitations.
The act of 21 Jac. I., ch. 16, entitled "An act for limitation of actions, and for avoiding suits at law," declares in the first section, "That for quieting men's estates and avoiding suits at law, etc., all writs of formedon in descender, formedon in remainder, and formedon in reverter, at any time hereafter to be sued or brought of or for any manors, lands, tenements, (16) hereditaments, whereunto any person or persons now hath or have any title or cause to pursue, or have any such writ, shall be sued and taken within twenty years next after the end of this present session of Parliament; and after the said twenty years expire, no such person or persons, or any of their heirs, shall have or maintain any such writ of or for any of the said manors, lands, tenements or hereditaments; and that all writs of formedon in descender, formedon in remainder and formedon in reverter, of any manors, lands, tenements, or other hereditaments whatsoever, at any time hereafter to be sued or brought by occasion or means of any title or cause hereafter happening, shall be sued and taken within twenty years next after the title and cause of action first descended or fallen, and at no time after the said twenty years; and that no person or persons that now hath any right or title of entry into any manors, lands, tenements or hereditaments, now held for him or them, shall thereinto enter but within twenty years next after the end of this present session of Parliament, or within twenty years next after any other title of entry accrued; and that no person or persons shall at any time hereafter make any entry into any lands, tenements or hereditaments but within twenty years next after his or their right or title, which shall hereafter *Page 15 
first descend or accrue to the same; and in default thereof such person so not entering, and their heirs, shall be utterly excluded and disabled from such entry after to be made; any former laws or statutes to the contrary notwithstanding."
And in the second section the statute declares: "Provided,nevertheless, that if any person or persons that is or shall be entitled to such writ or writs, or that hath or shall have such right or title of entry, be, at the time of the said right or title first descended, accrued, come or fallen, within the age of one and twenty years, feme covert, non compos mentis, imprisoned, or beyond the seas, that then such person and (17) persons, and his and their heir and heirs shall or may, notwithstanding the said twenty years expired, bring his action or make his entry as he might have done before this act, so as such person and persons, or his or their heir and heirs, shall within ten years next after his and their full age, discoverture, coming of sound mind, enlargement out of prison, or coming into this realm, or death, take benefit of and sue forth the same, and at no time after the said ten years."
Our statute of limitations passed in 1715, ch. 27, entitled "An act concerning old titles of lands, and for limitation of actions, and for avoiding suits in law," declares:
"SECTION 1. Whereas suits, debate and controversy hath heretofore been, and may hereafter arise by means of ancient titles to land derived from patents granted by the Governor of Virginia, the conditions of which patents have not been performed, nor quit-rents paid, or the lands have been deserted by the first patentees, or for or by reason or means of former entries or patents granted in this Government; for prevention whereof, and for quieting men's estates, and for avoiding suits in law:
"SEC. 2. Be it enacted, etc., that all possessions of or titles to any lands, tenements or hereditaments whatsoever, derived from any sales made, either by creditors, executors or administrators, of any person deceased, or by husbands and their wives, or husbands in right of their wives, or by indorsement of patents or otherwise, of which the purchaser or possessor, or any claiming under them, have continued, or shall continue in possession of the same for the space of seven years, without any suit in law, be and are hereby ratified, confirmed and declared good and legal to all intents and purposes whatsoever, against all and all manner of persons, any former or other title or claim, act, law, usage or statute to the contrary notwithstanding.
"SEC. 3. That no person or persons, nor their heirs, (18) which hereafter shall have any right or title to any lands, tenements or hereditaments, shall thereunto enter or make *Page 16 
claim, but within seven years next after his, her or their right or title, which shall descend or accrue; and in default thereof, such person or persons so not entering or making default shall be utterly excluded and disabled from any entry or claim thereof to be made.
"SEC. 4. Provided, nevertheless, that if any person or persons that is or hereafter shall be entitled to any right or claim of lands, tenements or hereditaments shall be, at the time the said right or title first descended, accrued, come or fallen, within the age of twenty-one years,feme covert, non compos mentis, imprisoned or beyond seas, that then such person or persons shall and may, notwithstanding the said seven years be expired, commence his, her or their suit, or make his, her or their entry, as he, she or they might have done before this act; so as such person or persons shall within three years next after full age, discoverture, coming of sound mind, enlargement out of prison, or persons beyond seas, within eight years after the title or claim becomes due, take benefit and sue for the same, and at no time after the times or limitations herein specified; but that all possessions held without suing such claim as aforesaid shall be a perpetual bar against all and all manner of persons whatsoever, that the expectation of heirs may not in a short time leave much land unpossessed and titles so perplexed that no man will know of whom to take or buy land."
Under the statute of 24 Jac. I. it has been held, "that no person can in any case bring an ejectment, unless he has in himself a right of entry; for as he is supposed to have entered with a good title on the land and made a good lease to the fictitious lessee, the law will not suppose an entry made to make a lease whereby the title is to be tried. Esp., 430; 3 Bla., 206. Therefore, when it happens that the person claiming title to the lands has no right of entry, he cannot maintain this action." But though a good and lawful title may in fact subsist (19) in the plaintiff, yet he may be barred of his entry, and so of his recovering by this action, under 21 Jac. I., ch. 16, which enacts that no person shall make an entry into lands, etc., but within twenty years after his right and title shall accrue, with the usual savings of feme coverts, infants and persons insane, etc." "Therefore, if the lessor of the plaintiff is not able to prove himself or his ancestors to have been in possession within twenty years before the action brought, he shall be nonsuited."
"The possession or entry of the lessor of the plaintiff within twenty years, which is necessary to give him title, must be an actual possession or entry, not a presumptive or implied one. *Page 17 
Esp., 432. So that the twenty years' possession, which is sufficient to bar the ejectment or to give a title, must be an adverse possession, for when it appears not to be adverse, the statute of limitation does not run." Id., 433. In Reading v. Royster, 2 Salk., 423, this doctrine is more fully explained. Also, in Cowp., 217. It is to be submitted to the jury to say what is an adverse possession. It is not necessary that a man should be expelled from his possession with force. The getting of possession lawfully, but afterwards holding against the will of the owner, will amount to an adverse possession. Proof of possession within twenty years is not only necessary to support the title of the lessor of the plaintiff, but such possession for twenty years without interruption is a good title in itself, to recover in ejectment, without any other; for an uninterrupted possession for twenty years is like a descent which tolls an entry, and gives a right of possession, which is sufficient in ejectment. So that, though the defendant be the person who has the legal right to the premises, yet he cannot justify ejecting the plaintiff, who has had twenty years previous peaceable possession.
Let us now examine how much stronger is our statute of limitations in favor of a naked possession, if the expression be allowable. It appears from the preamble of the act that it had been the practice of the Governor of Virginia to (20) grant lands lying in North Carolina, which grants oftentimes covered lands granted by this Government, and possessions being held under such grants, titles to lands became so doubtful that no person knew when he was safe in purchasing. It was highly necessary to encourage the settlement of the country, which could not be done unless men could be secured in their possessions, which they then had or might afterwards acquire. This act was passed to effect this object. Taking this act as it regards possessions only, it will read and be construed in this manner: "That all possessions of lands, tenements and hereditaments whatsoever, derived from any sales made by creditors, executors or administrators of any person deceased, or by husbands and their wives, or husbands in right of their wives, or by indorsement of patents, or otherwise, of which the possessor, or any claiming under him, have continued, or shall continue in possession of the same, for the space of seven years without any suit in law, shall be and are hereby ratified, confirmed and declared good and legal to all intents and purposes whatsoever, any former title or claim, act, law, usage or statute in any wise notwithstanding." The act would have the same reading with respect to titles made by creditors, executors, etc., and have the same construction. But *Page 18 
this act has an expression which seems to guard every possible case, "orotherwise," so that the possession for seven years, no matter how acquired, would be a good title, unless the law would look upon and consider that possession, the possession of both, or, in other words, the defendant holding the possession for the lessor of the plaintiff.
In no part of this act is the color of title mentioned, nor does it appear that it ever was deemed necessary. It has been said that a title to lands, defective in itself, but attended with seven years of peaceable possession, shall ripen into a good title; but if the title be ever so old, and seven years of peaceable possession have not accompanied it, the title is good for (21) nothing. Then the possession makes the title valid. Why, then, should not the seven years' possession be good? It is surely the substantial part of the title, and that which gives it validity, under the statute of 21 Jac. I., and in my opinion it does the same under our own statute. I have understood it was so considered before the revolution of 1776, but of this I have no knowledge, except from the old practitioners.
But admitting the second section has no relation to the present question, the third section makes it absolutely necessary that every person shall enter or make his claim within seven years after his right or title shall descend or accrue, otherwise he shall be utterly excluded and disabled from any entry or claim thereafter to be made. In the latter part of the proviso, "But that all possessions held without suing such claim as aforesaid shall be a perpetual bar against all and all manner of persons whatsoever, that the expectation of heirs may not in a short time leave much land unpossessed, and titles so perplexed that no man will know from whom to take or buy land," in my opinion, clearly establishes that the General Assembly had only a possession in contemplation, and that possession unattended with any color of title whatever. Giving our act of Assembly this construction, all the cases on this point arising on the statute of 21 Jac. I. apply to our act of limitations; and seven years' adverse possession will vest in the lessor of the plaintiff such title that if he should be turned out of possession, or deprived of his possession, he could recover the same in ejectment. I am therefore of opinion the plaintiff ought not to recover. But by
TAYLOR, HALL and LOCKE, JJ. Seven years' possession without color of title is not sufficient to bar the plaintiff in ejectment. *Page 19